BLUE, Judge,
specially concurring.
I concur in affirming the final agency action of the Lee County School Board which resulted in the termination of the professional service contract of Carl B. Dietz. I agree section 231.36, Florida Statutes (1991), provides no objective standard by which school boards are required to judge the conduct of instructional staff, resulting in school boards exercising a nearly pure subjective analysis when deciding to terminate a teacher during the term of a professional service contract. I write because I am not sure the legislature intended to endow school boards with this absolute discretion. If not, section 231.36 should be amended to clarify the conduct that would warrant the dismissal of teachers holding a professional service contract.
Section 231.36 appears to provide for three status categories for instructional staff: continuing contract, professional service contract, and probationary status. Each category carries a separate standard for dismissal. Probationary status provides no rights to continuing employment and is required for three years preceding either a continuing contract or a professional service contract.
A continuing contract applies only to instructional staff attaining their contract status before July 1984. Persons holding continuing contracts are subject to dismissal for conduct constituting one of the so-called “seven deadly sins:” immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of a crime involving moral turpitude. § 231.36(4)(c).
By statute, all contracts except continuing must contain provisions allowing dismissal during the term only for just cause. § 231.36(l)(a). The statute then defines “just cause” as including but not limited to: misconduct in office, ineompetency, gross insubordination, willful neglect of duty, or conviction of a crime involving moral turpitude. Just cause therefore includes but is not limited to five of the seven deadly sins. We assume that drunkenness and immorality, which are not included in the non-exclusive list of sins constituting just cause, would also be grounds for dismissal.
Although the statutory language requiring just cause for dismissal has been in effect for more than ten years, there are no cases that examine the definition beyond the language of the statute. It could be argued that the legislature intended dismissal would occur only when conduct involved one of the listed offenses or actions equally inappropriate. This argument is strengthened because the professional service contract carries the right to have the contract renewed unless the school board follows specific procedures set out in section 231.36(3)(e). The elaborate protections appear to include a probationary year even after notification of deficiencies.
For dismissal within the term, just cause is the necessary test with no guarantee of an additional probationary year. In amending section 231.36 and creating a new contract status for teachers (professional service) and by failing to further define just cause, the legislature gave school boards broad discretion to determine when a teacher may be dismissed during the contract term.
In the case before us, the school board charged that Dietz made racial slurs, used profanity in the classroom and sexually harassed female students. No one could argue that, if proven, these charges would not constitute grounds for dismissal. However, an administrative hearing resulted in a conclusion that these serious charges were not supported by the evidence. The hearing officer made factual findings that Dietz had engaged in inappropriate conduct but that the conduct did not make him ineffective in the classroom and recommended Dietz be reinstated with back pay.
As it is required to do, the school board accepted the factual findings but determined there was just cause to terminate Dietz’s *219 contract. I agree with the majority — that the legislature left that determination to the respective wisdom of each school board by providing no definite parameters to the term “just cause.” If this was not the legislature’s intent, section 231.36 should be amended.